# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-CV-00025-MR

| | |
|---|---|
| SUE MARIE MILLS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security )<br>)<br>Defendant. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 9] and the Defendant's Motion for Summary Judgment [Doc. 10].

**I.     PROCEDURAL BACKGROUND**

On September 17, 2011, the Plaintiff, Sue Marie Mills, filed applications for disability insurance benefits and supplemental security income payments, alleging an onset date of January 30, 2011. [Transcript "T." 208]. The Plaintiff's applications were denied initially and on reconsideration. [T. 75, 104]. Upon Plaintiff's request, a hearing was held on October 2, 2013, before an Administrative Law Judge ("ALJ"). [T. 48-65]. Present at the hearing were the Plaintiff; Plaintiff's attorney, Robert Lopez; and a vocational expert ("VE"). [Id.]. On October 24, 2013, the ALJ issued a decision, wherein the

ALJ concluded that the Plaintiff was not disabled. [T. 31-41]. On November 5, 2014, the Appeals Council denied the Plaintiff's request for review [T. 23-27], thereby making the ALJ's decision the final decision of the Commissioner. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III.  THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2012). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications

3

for disability. 20 C.F.R. §§ 404.1520, 416.920; <u>Mascio v. Colvin</u>, 780 F.3d 632, 634 (4th Cir. 2015). The burden is on the claimant to make the requisite showing at the first four steps. <u>Id.</u>

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. <u>Id.</u> If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. <u>Id.</u>

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. <u>Id.</u> If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's

4

ability to perform work-related functions. SSR 96-8p, 61 Fed. Reg. 34,474, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520; 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006).

The Commissioner may meet this burden by relying on the Medical–Vocational Guidelines ("Grids") found at 20 C.F.R. 404, Appendix 2 to Subpart P. Alternatively, the ALJ may solicit testimony from a VE whether such alternative work exists for a hypothetical person with the claimant's same age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id.

## IV.   THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date, January 30, 2011. [T. 33]. At step two, the ALJ found that the Plaintiff has severe medically determinable impairments including: degenerative disc disease status post lumbar fusion ("disc disease"), migraine headaches, carpal tunnel syndrome, and mood and anxiety disorders ("mental disorders"). [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. 34-35]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)[1] except she can perform occasional posturals with no climbing of ladders, ropes or scaffolds. She is limited to frequent bilateral fingering and she should avoid concentrated exposure to hazards. She can perform simple, routine and repetitive work with occasional public contact.

[T. 35].

---

1 "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. 404.1567(b), 416.967(b).

6

At step four, the ALJ found that Plaintiff can no longer perform her past relevant work as a cashier in a convenience store, housekeeper, or certified nursing assistant. [T. 40]. At step five, the ALJ determined that, in light of the Plaintiff's RFC, age, education and work experience, and based on the testimony of the VE, jobs exist in significant numbers in the national economy that the Plaintiff can perform. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Act. [T. 41].

## V.    DISCUSSION[2]

Neither party challenges the ALJ's determination of *what* the Plaintiff's impairments are. Particularly relevant here, it is uncontroverted that the Plaintiff's medically determinable impairments include, among others, degenerative disc disease, and that her disc disease can reasonably be expected to cause her alleged back pain. Rather, the Plaintiff contends that the ALJ erred in *how* he evaluated her disc disease and determined its impact on her ability to work.[3] [Doc. 9-1]. Specifically, the Plaintiff contends

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

[3] The Plaintiff presents a number of challenges to the ALJ's assessment of both her mental and physical impairments, but the main focus of her Motion for Summary Judgment is on the ALJ's assessment of her back pain "as it is the impairment that limits the Plaintiff the most . . . ." [Doc. 9-1 at 14]. The Defendant similarly focused her response. [Doc. 11 at 8 n. 1 ("Plaintiff confines her discussion of her subjective symptoms to the alleged effects of her back impairment; consequently, Defendant will do the same

7

that the ALJ failed to properly discuss all relevant evidence, and explain how he reconciled certain contradictory evidence of her back pain with his conclusion that the Plaintiff can do light work. This incomplete analysis, Plaintiff contends, led to an incomplete or inaccurate assessment of her abilities, which in turn resulted in an unsubstantiated RFC. Consequently, the ALJ's hypothetical to the VE and his ultimate determination, both of which relied upon this unsubstantiated RFC, are equally unsupported, and the matter must be remanded for further proceedings. [Id.].

Where, as here, the ALJ determines that the claimant suffers from a medically determinable impairment that can reasonably be expected to produce pain as alleged by the claimant, the ALJ must proceed to evaluate the intensity, persistence, and functionally limiting effects of that pain to determine the extent to which that pain affects the claimant's ability to perform work activities. SSR 96-7p.[4] In making this assessment, the ALJ

---

. . . ")]. Because this matter must be remanded, and on remand the ALJ shall be instructed to reconsider and analyze *all* of the relevant evidence in assessing how the Plaintiff's physical *and* mental impairments affect her ability to work, the Court will also limit its discussion to the Plaintiff's back pain.

[4] After the ALJ issued his decision, SSR 96-7p was superseded by Social Security Ruling 16-3p, entitled "Titles II and XVI: Evaluation of Symptoms in Disability Claims." 2016 WL 1237954 (Mar. 24, 2016). SSR 16-3p did not change the process established in the Regulations (and described in SSR 96-7p) for the evaluation of a claimant's symptoms or pain. Instead, SSR 16-3p simply eliminated the use of the term "credibility" from the subregulatory policy, as the Social Security Regulations do not use that term. "In doing

must consider *all* relevant evidence in the entire case record, including the objective medical evidence, medical opinions, and the claimant's own statements regarding the effects of her pain. Id.

The reviewing court cannot be left to guess as to how the ALJ arrived at his conclusions. Mascio, 780 F.3d at 637. Thus, it is not sufficient for an ALJ to simply recite *what* the evidence is. Instead, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Mascio, 780 F.3d at 636 (quoting SSR 96-8p). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016), citing with approval, Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000). Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanation. Radford, 734 F.3d at 295.

---

so, we clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p.

This matter must be remanded because the ALJ failed to follow the dictates of SSR 96-7p, as that ruling has been explained in <u>Mascio</u>. After determining that the Plaintiff's disc disease is a medically determinable impairment that could reasonably be expected to cause the pain alleged, the ALJ should have evaluated all of the relevant evidence in assessing the intensity, persistence, and limiting effects of that impairment on the Plaintiff's ability to work. <u>See</u> SSR 96-7p; <u>Mascio</u>, 780 F.3d at 637. In the instant case, the ALJ failed to consider certain relevant evidence including A) the Plaintiff's objective medical evidence, and B) the Plaintiff's subjective complaints of pain.

### A. Plaintiff's Objective Medical Evidence

The ALJ's failure to discuss *and* analyze the evidence is most conspicuous with regard to his discussion of the Plaintiff's treatment history. In his decision, the ALJ included a lengthy summary of the Plaintiff's medical treatment. [T. 36]. But rather than proceed from this summary to analyze and discuss the evidence, the ALJ's decision abruptly transitions into a discussion of another of the Plaintiff's impairments (migraine headaches).

> The claimant testified that she was seeking disability benefits based on chronic back pain that worsened in 2009-2010. . . . .
>
> . . . The claimant was referred for a neurological consultation with Carolina Spine and Neurosurgery with evaluation performed July 2, 2013. Imaging studies were obtained and addressed

> during the evaluation. The pedicle screw and rod system appeared were [sic] well positioned. As documented, there was a slight anterolisthesis L4 on L5 with no lucency around the hardware. The neurological service determined that there was nothing to offer the claimant (Exhibit 36F).
>
> [End of Page 36]
>
> The evidence reflects a history of treatment for migraine headaches. . .

[T. 36-37]. The ALJ never explained how he considered the Plaintiff's treatment history or how he reconciled the evidence to his conclusion that the Plaintiff can do light work.

The ALJ's discussion and explanation of certain medical opinions was also inadequate. For example, the ALJ noted that the Plaintiff received pain management services from Dr. Steven Crider for issues of chronic back pain, and that Dr. Crider referred the Plaintiff for a neurosurgical consultation. [T. 36]. The ALJ failed to mention, however, that Dr. Crider is the Plaintiff's treating provider, and that in addition to prescribing medications to treat the Plaintiff's "chronic back pain," Dr. Crider also referred the Plaintiff for pain management and physical therapy. [See T. 729-760]. The ALJ also failed to evaluate and explain the weight, if any, he gave to Dr. Crider's opinions.

The ALJ's treatment of Dr. Crider's opinion was erroneous in several respects. ALJs are instructed to consider medical opinions along with the rest of the evidence and weigh every medical opinion they receive. 20 C.F.R.

11

§ 404.1527. The regulations also provide that the opinions of treating providers are entitled to controlling weight unless the ALJ determines they are unsupported or inconsistent with the other evidence. Id. Here, the ALJ erred because he did not assign a weight to Dr. Crider's opinion, and he did not discuss and explain how he considered Dr. Crider's opinion with the rest of the evidence. It is unclear whether the ALJ even recognized that Dr. Crider was the Plaintiff's treating physician.

Moreover, a full explanation of the objective medical evidence was particularly warranted here because considerable evidence was presented that substantiates the Plaintiff's allegations of pain. See Radford, 734 F.3d at 295. In addition to Dr. Crider's treatment, the ALJ noted that the Plaintiff has complained of back pain since 2009; she has sought treatment of her back pain from a number of experts and medical professionals over the years; and she has undergone a variety of escalating levels of treatment, including epidural steroid injections, nerve root blocks, and spinal fusion surgery. [T. 36]. Yet, in concluding that she can do light work, the ALJ never explained how he reconciled the Plaintiff's objective medical evidence, which tends to support her claims, with his own conclusion that the Plaintiff is able to sit or stand for six hours a day, five days a week.

The Defendant argues that the ALJ sufficiently explained his determination of the Plaintiff's physical abilities by expressly relying on the opinion of Dr. Virgili, a State Agency medical consultant. This opinion alone, the Defendant argues, may constitute substantial evidence to support the ALJ's determination that the Plaintiff can do light work. As an initial matter, simply citing to a single state medical consultant's opinion "is not enough to constitute 'substantial evidence.'" Radford, 734 F.3d at 295; see also Lester v. Chater, 81 F.3d 821, 831 (9th Cir.1995) (holding that reliance on the opinion of non-examining physicians cannot, by itself, constitute substantial evidence).

Even if such an "explanation" did constitute substantial evidence, however, remand would still be necessary because the explanation still left this Court guessing as to how the ALJ reached his conclusions. After noting that he gave Dr. Virgili's opinion great weight, the ALJ continued by saying that "the evidence" supports a more restrictive assessment than that of Dr. Virgili. [T. 39]. Critically, the ALJ never identified what evidence he was referring to or why the evidence was persuasive, nor did he explain how it affected the Plaintiff's ability to work.

Only by comparing the ALJ's RFC with Dr. Virgili's opinion was this Court was able to deduce that the ALJ disagreed with Dr. Virgili's opinion

13

regarding the Plaintiff's ability to climb ladders and scaffolds — a deviation which is most puzzling. At her hearing, the Plaintiff testified to having difficulty sitting, standing, walking, lifting, stooping, bending, sweeping, mopping, washing, and cleaning, but the Plaintiff never said anything about having difficulty climbing ladders or scaffolds. Similarly, the ALJ's decision is devoid of any further discussion of this particular function. Thus, it is a mystery as to how and why the ALJ decided to reduce the Plaintiff's ability to do light work in this particular and lone respect.

### B. Plaintiff's Credibility

The regulations mandate that in <u>all</u> cases in which the ALJ determines that claimant's statements about the intensity, persistence, or functionally limiting effects of her impairments are not substantiated by objective medical evidence, the ALJ must specifically make a finding on the credibility of those statements based upon a consideration of the entire record. SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996). In the instant case, the Plaintiff testified that she can only sit or stand for ten minutes at a time, [T. 56], and the VE testified that no work exists for a person with that alleged degree of limitations. [T. 64]. The ALJ determined, however, that the Plaintiff can do light work, which requires sitting on standing for six hours per day, five days per week, and the VE testified that jobs exist which fit those parameters. Thus, the ALJ

14

should have supported his decision by making specific findings regarding the credibility of the Plaintiff's statements based upon a consideration of the entire record. SSR 96-7p.

But rather than make specific findings based upon a consideration of the entire record, explaining what evidence he found credible and why, the ALJ simply stated, in conclusory fashion:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

[T. 38]. This conspicuously boilerplate language falls far short of the discussion and analysis mandated by the regulations. "It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" SSR 96-7p. Instead, the decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id. In the instant case, the ALJ's reasoning is not at all clear.

Pointing to the ALJ's discussion of the Plaintiff's daily activities, the Defendant argues that the ALJ *did* make specific findings and explain his reasoning for determining that the Plaintiff's allegations were not credible. This assertion is only half correct. The ALJ adequately identified *what* the evidence is with respect to the Plaintiff's daily activities, but he never explained *how* the summarized evidence supported his determination of the Plaintiff's credibility. In his decision, the ALJ noted that the Plaintiff's activities of daily living include, among other things, preparing meals and caring for animals. The ALJ never explained, however, why these activities either support his conclusion that the Plaintiff is capable of light work, or refute the Plaintiff's claims to the contrary. If the ALJ intended to reason that the Plaintiff's ability to prepare meals and care for animals demonstrates that she can do light work, he is required to build a logical bridge from that evidence to his conclusion. See Monroe, 826 F.3d at 189. He failed to do so here.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's exertional and non-exertional limitations,

narratively discussing all of the relevant evidence, and specifically explaining how he reconciled that evidence (both supportive and contradictory) to his conclusions.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 9] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 10] is **DENIED**. Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: March 10, 2017

Martin Reidinger
United States District Judge